# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL M. MCNULTY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N16C-04-029 AML |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, | ) | |
| CORRECT CARE SOLUTIONS | ) | JURY TRIAL OF 12 DEMANDED |
| GROUP HOLDINGS, LLC, and | ) | |
| CONNECTIONS COMMUNITY | ) | |
| SUPPORT PROGRAMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 31, 2017
Decided: April 7, 2017

## ORDER

**Upon Defendants' Motion for Reargument – Denied**

1. On March 21, 2017, this Court determined that the affidavit of merit filed by Plaintiff, in camera, complied with 18 *Del. C.* § 6853(a)(1) and (c)[1] as to Defendant Correct Care Solutions, LLC ("Correct Care"). The Court concluded the affidavit of merit set forth a medical expert's opinion that there are reasonable grounds to believe Defendant Correct Care proximately caused the injuries alleged in the complaint. The expert is Board certified in nephrology.

---

[1] 18 *Del. C.* § 6853(d).

2. On March 27, 2017, Correct Care timely filed a motion for reargument, contending the affidavit is insufficient because the expert "is Board certified in nephrology," while "the physicians involved in Plaintiff's medical care are Board certified . . . in internal medicine" and the "nurse practitioners [] practice in the field of internal medicine."[2] Correct Care argues that the expert is not qualified to provide an opinion as to the physicians' alleged medical negligence because the expert is not "Board certified in internal medicine," is not a "practitioner in the field of internal medicine," and does not "practice in the same area of medicine as Defendants' internal medicine practitioners."[3] On March 29, 2017, Defendant Connections Community Support Programs, Inc. ("Connections") moved to join Correct Care's Motion for Reargument since "all of the points in Correct Care's Motion also apply to Connections."[4]

3. The purpose of reargument is to allow the Court to reconsider its factual findings and legal conclusions,[5] but a motion for reargument will be denied unless the moving party demonstrates the Court "overlooked controlling principles or misapplied the law or facts in such a way that would change the outcome of the

---

[2] Mot. Reargument ¶ 10.

[3] *Id.* at ¶ 11.

[4] D.I. 33. This Court accepted Plaintiff's affidavit of merit as to Connections in an order dated July 11, 2016, in response to Connections' June 1, 2016 motion to review the affidavit. Any opportunity to reargue that July 11, 2016 order has long since expired. Even so, Connections' arguments fail for the same reasons discussed above.

[5] *In re Shumate*, 2010 WL 781298, at *1 (Del. Super. Jan. 8, 2010) (citing *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (1969)).

2

underlying decision."[6] Movants may neither present new arguments nor rehash those already presented.[7]

4. Correct Care contends the affidavit of merit is insufficient as to any physician or nurse practitioner who is not a nephrologist. Correct Care further contends the expert does not practice in the same or similar field as Defendants. Plaintiff responds that the affidavit of merit establishes the expert, who is from a "similar field of medicine," shares a "common standard of care" as to the treatment at issue, and, therefore, the affidavit is sufficient.

5. The statutory requirements for an affidavit of merit are "minimal."[8] The statute's plain language requires that the opining expert "be Board certified in the same or similar field of medicine if the defendant or defendants is Board certified."[9] The term "Board certified" refers to physicians.[10] Plaintiff alleges negligence generally against Correct Care and Connections based on agency

---

[6] *Indep. Mall, Inc. v. Wahl*, 2013 WL 871309, at *1 (Del. Super. Jan. 17, 2013) (citing *Reid v. Hindt*, 2008 WL 2943373, *1 (Del. Super. July 31, 2008)).

[7] *Reid*, 2008 WL 2943373, *1 (citations omitted).

[8] *Dishmon v. Fucci*, 32 A.3d 338, 343 (Del. 2011); *see also Saddler v. Nanticoke Mem'l Hosp.*, 2012 WL 6846550, at *6 (Del. Super. Dec. 24, 2012) ("The purpose of an affiant having similar skill and experience is to create a hurdle to filter out frivolous health care medical negligence claims.").

[9] 18 *Del. C.* § 6853(c); *Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2009) (citing 18 *Del. C.* § 6853(c)).

[10] *Zappaterrini*, 2009 WL 1101618, at *1.

principles.[11] Because Defendants are not physicians, the statutory requirement of "same or similar" Board certification is not applicable.[12]

6.    Apart from Board certification, under Section 6853(c), the expert must be "engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant or defendants."[13] Determining whether an expert is in a "similar" field of medicine as a defendant is a fact-intensive inquiry.[14] The Delaware Supreme Court has held that to qualify as an expert under the statute, the proffered expert need not be proficient in a specific medical field.[15] The Delaware Supreme Court explained in *Baoust v. Kraut* that "a general practitioner with knowledge or training may be competent to give testimony about a specialty reserved to experts," because "the diagnosis and treatment of some medical problems may be of concern to doctors of different specialties, and in an area of concurrent expertise, a common standard of

---

[11] *See McKay v. St. Francis Hosp., Inc.*, 2008 WL 4947652, at *1 (Del. Super. Nov. 18, 2008).

[12] *Zappaterrini*, 2009 WL 1101618, at *1 ("The term 'Board certified' refers to physicians, and because the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."); *see also Saddler*, 2012 WL 6846550, at *6 (citing *Zappaterrini*, 2009 WL 1101618 (holding that the "term 'board certified' refers to physicians, and because the defendant is not a physician, the statutory requirement of similar board certification is not applicable")).

[13] 18 *Del. C.* § 6853(c).

[14] *Derrickson v. Pruden*, 2011 WL 2083884, at *2 (Del. Super. May 3, 2011).

[15] *Dishmon*, 32 A.3d at 343 ("Qualifying as an expert for the purposes of the statute does not require meticulous validation of the proffered expert's proficiency in a specific medical field."); *see also* 18 *Del. C.* § 6854 (defining an expert as one who is "familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify").

care may be shared."[16]  Accordingly, to satisfy the statutory requirements, the expert need only "establish his familiarity with the standard of care applicable to the area of medicine practiced by [the] defendants."[17]

7.  The complaint alleges Defendants negligently failed to diagnose and treat Plaintiff's chronic renal failure.  As such, this case raises issues involving the standard of care in the field in which the affiant practices.  Moreover, the affiant opined that he is a Board certified nephrologist, he "provided and oversaw the treatment of patients with many varied forms and stages of kidney disease" as a practicing nephrologist, his experience includes practicing with doctors and nurses in Defendants' field, and he is "familiar with the applicable standards of care for treating patients who present with initial signs and symptoms of kidney disease." In other words, the affidavit supports the conclusion that kidney disease is an area of concurrent expertise sharing a common standard of care.[18]  Therefore, based on the minimal requirements for an affidavit of merit, the nature of the allegations in

---

[16] 377 A.2d 4, 7 (Del. 1977); *see also Balan v. Horner*, 706 A.2d 518, 520-21 (1998) (finding a common standard of care between a gynecologist and general surgeon where the gynecologist had no experience or expertise in general surgery).

[17] *Dishmon*, 32 A.3d at 343; *see also Derrickson*, 2011 WL 2083884, at *2 (citations omitted) ("Consequently, if the differences between the defendant's specialty and the proffered expert's specialty do not affect the applicable standard of care, the proffered expert is competent to testify.").

[18] I reach this conclusion only for purposes of the affidavit of merit.  If it becomes necessary at a later stage of this case, Defendants are free to argue that a standard of care specific to a particular field of expertise applies in this case, or that only a particular type of expert is qualified to opine as to the standard.  *See Derrickson*, 2011 WL 2083884 ("Indeed, an expert's satisfaction of § 6853 does not necessarily render that that expert [is] competent to provide medical testimony on the standard of care.").

this case, and the expert's training and knowledge, the expert is qualified under Section 6853 to offer an affidavit of merit as to Connections and Correct Care. Because Defendants have failed to demonstrate that the Court overlooked controlling precedent or legal principles or misapplied the law or facts in a manner affecting the outcome of the decision, their Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    David G. Culley, Esquire
        Dana Spring Monzo, Esquire
        Daniel A. Griffith, Esquire
        Lindsey E. Imbrogno, Esquire